IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CALEB OTSIBAH,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Civil Case No. 13-cv-2193<br>Criminal Case No. 11-cr-157 |

## MEMORANDUM OPINION

Pending before the Court is Petitioner/Defendant Caleb Otsibah's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Doc. No. 291. For the reasons discussed below, the Court will defer ruling on Petitioner's Motion and order supplemental briefing from the parties.

**I.   BACKGROUND**

Petitioner Caleb Otsibah was charged in a superseding indictment with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count One), bank fraud in violation of 18 U.S.C. § 1344 (Counts Eight and Eleven), and aggravated identity theft in violation of 18 U.S.C. § 1028A (Count Fourteen). Doc. No. 156 at 1. On April 3, 2012, pursuant to a plea agreement with the Government, Petitioner pled guilty to these Counts in exchange for the dismissal of the remaining counts in the indictment. Doc. Nos. 155, 156. A Rule 11 colloquy was held during which Petitioner told the Court that he understood the factual basis for the Government's indictment, agreed with those facts, accepted responsibility, and was satisfied with the legal services provided by his attorney, Mr. John Iweanoge. *Id.* at 24:2-13. Petitioner maintained that

1

he had no complaints about his legal representation, stating, "It's perfect. It's really helped me."
*Id.* at 24:21-24.

Petitioner also informed the Court that he understood the potential penalties he faced. *Id.* at 11:10-17:25. The Court explained, *inter alia*, (1) the maximum sentences for the counts charged; (2) that on Counts One, Eight, and Eleven, Petitioner was facing 46 to 57 months under the guidelines, depending on the final adjusted offense level to be determined by the Court at sentencing; (3) and that on Count Fourteen, he was facing an additional 24 months to run consecutively. *Id.* at 11:9-22, 16:19-23. When asked by the Court whether he understood the maximum sentences, the guidelines, and his potential exposure, Petitioner responded in the affirmative. *Id.* at 11:23-24, 16:24-25. The Court also informed Petitioner that the plea agreement was not binding on the Court in ultimately imposing a sentence:

> It means that the Court is not a party. Now, let me explain that. That simply means that this contract here is between you and the Government. I am not a party to it. You don't see my signature on it. Now, I am going to honor your agreement and the Government's agreement. I am sure I am going to do that. But you must understand that ultimate sentencing rests with judges. And nobody can predict what the sentence is going to be. And if you get a sentence that is higher or heavier than that which you were thinking you were going to get, you have to take what I give you. And that is because judges have the ultimate say. And you will not be able to withdraw your guilty plea.

*Id.* at 23:1-13. Petitioner confirmed that he understood the Court's instruction. *Id.* at 23:15-16.

During the sentencing hearing on July 27, 2012, the parties agreed that pursuant to new guidelines and comments from the United States Sentencing Commission, Petitioner's guidelines range on Counts One, Eight, and Eleven was 37 to 46 months, not the 46 to 57 months discussed at the April 3, 2012 hearing. Doc. No. 299 at 3:21-4:23. Petitioner's attorney argued for a downward adjustment to the guidelines, citing his client's acceptance of responsibility, medical condition, and wife's illness. *See, e.g.*, Doc. No. 226; Doc. No. 299 at 5-14. The Court, noting

the seriousness of the crimes, the length of time during which they were perpetrated, and the need for deterrence, concluded that a sentence in the middle of the guidelines range—42 months—was appropriate on Counts One, Eight, and Eleven. *Id.* at 27-31. The Court thereby sentenced Petitioner to a total term of imprisonment of 66 months, consisting of a concurrent term of 42 months on Counts One, Eight, and Eleven, and a consecutive term of 24 months on Count Fourteen, with credit for time served. Doc. No. 232.

Petitioner filed the pending Motion pursuant to 28 U.S.C. § 2255 on July 29, 2013, asserting that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment. Petitioner raised three arguments in support of his Motion. First, Petitioner claims that counsel was ineffective for advising him to reject an initial, proposed plea agreement under the mistaken belief that the aggravated identity theft charge would be dropped. Doc. No. 291 at 1-4. Pursuant to this alleged proposed plea agreement, Petitioner would plead guilty to the four counts discussed above, but the Government would recommend a total aggregate sentence of 54 months. Petitioner's first attorney in this matter, Joe Conte, informed him of the substance of the proposed plea agreement. However, Petitioner decided to retain another lawyer, Richard Fenci, who allegedly advised him that he should turn down the offer because he could get the aggravated identify theft charge dropped. Approximately two months later, Fenci ceased representing Petitioner due to a conflict of interest based on the prior representation of Petitioner's co-defendant. Thereafter, Petitioner retained Mr. Iweanoge as counsel, who represented him in subsequent proceedings, including the acceptance of a plea agreement with less favorable terms.

Second, Petitioner claims, in the alternative, that there was no basis for the guilty plea on the aggravated identity theft charge. Specifically, Petitioner asserts, "Had I been able to, I could

3

have explained the situation which led to my being charged with Aggravated Identity Theft and could have tried to prove that there was no Mens Rea when it came to this offense." *Id.* at 4.

Finally, Petitioner maintains that counsel was ineffective for failing to file a timely notice of appeal. *Id.* at 2, 5-6. Petitioner claims that he thought his sentence was excessive that his attorney promised him that he would handle the matter to the best of his abilities and secure a better deal with the Government. Petitioner alleges that he and members of his family were unsuccessful in their attempts to communicate with counsel, that the time for filing an appeal passed, and that counsel informed him that his only recourse was filing a Motion under 28 U.S.C. § 2255. Petitioner asserts that on appeal, he would have at least contested the Court's sentencing calculations in which he did not receive full credit for acceptance of responsibility due to the advice of Mr. Fenci to reject the initial plea offer.

The Government filed its response in opposition to Petitioner's Motion on December 18, 2013. Doc. No. 306. Petitioner has yet to file a reply brief.

## II. ANALYSIS

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy a two-pronged test under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 688. The performance prong is only satisfied if Petitioner can make a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Petitioner must establish that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. However, Petitioner has to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" or "sound

4

trial strategy." *Id*. at 689. Under the prejudice prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In its opposition to Petitioner's Motion, the Government relies largely on the extensive plea colloquy conducted by the Court on April 3, 2012 to argue that counsel's performance was not deficient and that Petitioner did not suffer any prejudice. Doc. No. 306. As discussed above, Petitioner informed the Court that he was satisfied with Mr. Iweanoge's representation, that he agreed with the facts underlying the charges against him, and that he understood the potential penalties against him. However, the Government does not address Petitioner's core ineffective assistance of counsel argument—that based on the allegedly deficient advice of *prior* counsel, he rejected a proposed plea agreement which recommended an aggregate sentence of 54 months. In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court defined what is required to establish the prejudice prong of an ineffective assistance of counsel claim in the plea bargaining context. The Court held that "prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have been accepted by the court, and that 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" *United States v. Ray*, 2013 WL 6354145, at *2 (4th Cir. Dec. 16, 2013) (quoting *Lafler*, 132 S. Ct. at 1385)). In *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012), decided the same day as *Lafler*, the Supreme Court clarified that "[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel."

In his Motion, Petitioner asserts that a prior plea agreement recommending a 54-month aggregate sentence was offered and that he would have accepted it absent the allegedly deficient advice of counsel.  Furthermore, it appears conceivable based upon Petitioner's allegations that the agreement would have been presented to the Court, the Court would have accepted its terms, and the sentence would have been less severe than the sentence ultimately imposed (66 months).  The Government makes no argument to address the potential merits of Petitioner's Motion under *Lafler* and *Frye*.  Furthermore, the Government neither confirms nor denies that it offered Petitioner such an agreement and has presented no evidence to dispute Petitioner's assertions.[1]

Accordingly, the Court is not prepared at this time to rule on the merits of Petitioner's arguments or to determine whether a hearing is necessary.[2]  In the interest of justice, the Court will grant the Government thirty days from the date this Memorandum Opinion and accompanying Order are docketed to file supplemental briefing and evidence which addresses the merits, if any, of Petitioner's Sixth Amendment arguments in light of *Lafler*, *Frye*, and other potentially relevant precedent.  Petitioner shall have twenty-one days from the date of the Government's supplemental briefing to file a response and supplemental evidence, if he wishes.

---

[1] *See, e.g.*, *Ray*, 2013 WL 6354145, at *3 (vacating district court's denial of § 2255 Motion where no hearing was held and where Government failed to produce sufficient evidence that contradicted the petitioner's allegations regarding the plea negotiations process); *United States v. Dickerson*, 2013 WL 5996767, at *2-3 (4th Cir. Nov. 13, 2013) (same).

[2] In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  "An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue."  *Ray*, 2013 WL 6354145, at *2 (citing *United States v. Witherspoon,* 231 F.3d 923, 926-27 (4th Cir. 2000)).

**III. CONCLUSION**

For the foregoing reasons, the Court will defer ruling upon Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 pending receipt and consideration of supplemental briefing and evidence. A separate Order will follow.

| December 26, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |